KOLLER LAW LLC
David M. Koller, Esquire (037082002)
2043 Locust Street, Suite 1B
Philadelphia, Pa 19103
(215) 545-8917
(215) 575-0826 (fax)

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUANN CLEM<br>87 Aster Lane<br>Levittown, PA 19055 :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>:<br>CASE PORK ROLL COMPANY :<br>630 Washington Street :<br>Trenton, New Jersey :<br>Defendant. : | Civil Action No.<br><br>Hon.<br><br>Complaint and Jury Demand |

## COMPLAINT

This is an employment discrimination matter. The Plaintiff is Louann Clem (hereinafter referred to as "Plaintiff"). The Defendant is Case Pork Roll Company (hereinafter "Defendant"). Plaintiff alleges associational disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD").

### PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. The Plaintiff is Louann Clem (hereinafter referred to as "Plaintiff"). She resides at the address above.

3. The Defendant is Case Pork Roll Company (hereinafter "Defendant").

4. Upon information and belief, Defendant is a New Jersey corporation with its headquarters located at the above captioned address in Trenton, New Jersey.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiffs allege had the authority to make decisions concerning Plaintiffs' employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory and retaliatory treatment which forms the basis of Plaintiffs' allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory and retaliatory treatment which forms the basis of Plaintiffs' allegations in the instant Complaint.

**JURISDICTION & VENUE**

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's

original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

12. Plaintiff exhausted her administrative remedies

13. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

14. The EEOC issued Plaintiff a Notice of Right to Sue letter.

15. Plaintiff files the instant complaint within ninety days of her receipt of the Notice of Right to Sue letter.

## FACTS

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17. Defendant hired Plaintiff in June of 2008 as a part-time Administrative Assistant to the Comptroller.

18. The Comptroller was Plaintiff's husband, Richard Clem.

19. Mr. Clem, in 2010, weighed four hundred and twenty pounds and suffered from the disability of obesity.

20. In October of 2010, Mr. Clem underwent gastric bypass surgery.

21. As a result of the surgery, Mr. Clem suffered side effects such as extreme gas and uncontrollable diarrhea.

22. Those symptoms were progressive and worsened in 2013.

23. Those symptoms caused Plaintiff significant disruption in the workplace.

24. Those symptoms were a side effect from the operation.

25. President Thomas Dolan complained about the side effects.

26. Mr. Dolan said to Mr. Clem that Mr. Clem needed to work from home and that the office environment smelled because of Mr. Clem's symptoms.

27. Mr. Dolan complained to Thomas E. Grieb, Defendant's owner, about Mr. Clem constantly.

28. In 2013, when Mr. Clem's symptoms worsened, Mr. Dolan and Mr. Grieb harassed Plaintiff about her husband's condition: specifically, he brought the subject up frequently with Plaintiff with comments such as, but not limited to:

    a. "We have to do something about Rich (Mr. Clem)."
    b. "This can't go on."
    c. "Why is Rich having these side effects?"
    d. "Is Rich following his doctor's recommendations?"
    e. "We cannot run an office and have visitors with the odor in the office."
    f. "Tell Rich that we are getting complaints from visitors who have problems with the odors."

29. Those comments continued until Mr. Clem was terminated on February 28, 2014.

30. On the same date that Defendant terminated Mr. Clem, Plaintiff terminated her employment because of the harassment and discrimination her husband faced as a result of his disability and the resulting symptoms.

## COUNT I – DISABILITY DISCRIMINATION – ADA

31. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

32. The ADA protects employees from discrimination based on association with others who

4

have disabilities.

33. Mr. Clem has a disability that qualifies for protection under the ADA.

34. Defendant discriminated against Plaintiff because of her association with Mr. Clem.

35. Defendant created a hostile work environment for Plaintiff that, once Defendant terminated Plaintiff, caused her to constructively terminate her employment.

36. No legitimate, non-discriminatory reason exists for Defendant's treatment of Plaintiff.

37. Defendant, by and through its agents and employees, discriminated against Plaintiff on account of her disability in violation of the NJLAD.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II - NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD")

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. The ADA protects employees from discrimination based on association with others who have disabilities.

41. Mr. Clem has a disability that qualifies for protection under the ADA.

42. Defendant discriminated against Plaintiff because of her association with Mr. Clem.

43. Defendant created a hostile work environment for Plaintiff that, once Defendant terminated Plaintiff, caused her to constructively terminate her employment.

44. No legitimate, non-discriminatory reason exists for Defendant's treatment of Plaintiff.

45. Defendant, by and through its agents and employees, discriminated against Plaintiff on account of her disability in violation of the NJLAD.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Louann Clem, requests that the Court grant her the following relief against Defendant Case Pork Roll Company

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and NJLAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: September 11, 2015        By:     /s/ David M. Koller

David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
*Counsel for Plaintiff*