*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUANN CLEM, :
:
        Plaintiff, :
: Civ. Action No. 15-6809 (FLW)
v. :
: **OPINION**
CASE PORK ROLL COMPANY, :
:
        Defendant. :
:

**WOLFSON, District Judge**:

In an Opinion issued on July 18, 2016, I dismissed Count I of Plaintiff's Complaint alleging violations of the Americans with Disabilities Act of 1990 ("ADA") for failure to plead sufficiently the element of adverse employment action, and I advised the parties that I may decline to exercise supplemental jurisdiction over Plaintiff's New Jersey Law Against Discrimination ("NJLAD"), *N.J.S.A.* 10:5-1 to - 42, cause of action, should Plaintiff ultimately fails to properly plead her ADA claim. In response to the Court's directions in that Opinion, Plaintiff Louann Clem ("Clem" or "Plaintiff") filed a Second Amended Complaint against Defendant Case Pork Roll Company ("Case" or "Defendant"), her former employer, amending the claim of associational discrimination by way of hostile work environment and constructive discharge pursuant to the ADA. Defendant now moves to dismiss the Second Amended Complaint, arguing that this new Complaint, too, fails to sufficiently allege that Plaintiff was subjected to a hostile work environment, because the new amendments are practically identical to those already-rejected allegations asserted in Plaintiff's previous complaint. For the following reasons, Defendant's Motion to dismiss is **GRANTED**.

However, consistent with my previous decision, I decline to exercise supplemental jurisdiction over Plaintiff's NJLAD claim.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying facts of this dispute have been thoroughly set forth in the Court's previous July 18, 2016 Opinion and are incorporated herein. *See Clem v. Case Pork Roll Co.*, No. 15-6809, 2016 U.S. Dist. LEXIS 93226 (D.N.J. Jul. 18, 2016). To avoid repetition, the Court will only briefly summarize them here. The dispute in this case centers on whether Defendant, by and through its employees, discriminated against Plaintiff in violation of the ADA and the NJLAD because of her association with Richard Clem ("Clem"), Plaintiff's husband and former employee of Defendant. More specifically, Plaintiff alleges that she was harassed by Defendant's President, Thomas Dolan ("Dolan"), and Owner, Thomas Grieb ("Grieb"), as a result of Mr. Clem's unusual and unpleasant complications arising from a gastric bypass surgery, which Mr. Clem underwent for his morbid obesity and diabetes. *See* Sec. Am. Compl. ¶¶ 22-23, 27, 39. According to Plaintiff, the complained of harassment occurred based on the following comments made by Dolan and Grieb that were directed at her:

   a. We have to do something about Rich.
   b. This can't go on.
   c. Why is Rich having these side effects?
   d. Is Rich following his doctor's recommendations?
   e. We cannot run an office and have visitors with the odor in the office.
   f. Tell Rich that we are getting complaints from visitors who have problems with the odors.

*Id.* at ¶ 39. Mr. Clem was eventually terminated on February 28, 2014, *id.* at ¶ 43, and, on that same day, Plaintiff left her employment with Defendant. *Id*. at ¶ 55. Subsequently, Plaintiff filed a Complaint asserting two counts of associational discrimination under the ADA and NJLAD. That Complaint was amended on December 9, 2015.

2

On Defendant's first motion to dismiss, I dismissed, without prejudice, Plaintiff's ADA claim; but, Plaintiff was afforded an opportunity to cure her deficiencies with regard to that claim.[1] Consequently, Plaintiff filed a Second Amended Complaint on August 4, 2016. Now, Defendant, once again, moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim, arguing that the additional facts plead therein are virtually identical to the ones pled in the previous Complaint. Plaintiff opposes Defendant's Motion.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556

---

[1]   I advised the parties that in the event that Plaintiff could not cure the deficiencies found in my previous Opinion, I would decline to exercise supplemental jurisdiction over Plaintiff's NJLAD claim.

U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.   ANALYSIS

#### A.   The Second Amended Complaint Fails to State a Claim for Associational Discrimination under the ADA.

The ADA prohibits employers from taking adverse employment action against an employee "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4); *see Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 510 (3d Cir. 2009). To state a prima facie claim of association discrimination under the ADA, a plaintiff must allege:

> (1) the plaintiff was "qualified" for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.

*Erdman*, 582 F.3d at 510.

As noted in the Court's previous Opinion, the allegations contained within Plaintiff's initial Complaint satisfied the first and third elements of the ADA. Instead, Plaintiff's claim of

4

associational discrimination turned on whether Plaintiff sufficiently established that she was subjected to an adverse employment action, and whether the alleged adverse employment action(s) were taken because of Mr. Clem's disability. In making these determinations, the Court's consideration was limited to the alleged remarks of Dolan and Grieb, as Plaintiff solely relied on those factual allegations to establish the element of adverse employment action. In so doing, the Court found that the comments of Dolan and Grieb did not rise to the level of severity that is required to create an abusive working environment. In fact, the Court noted that those alleged comments were ostensibly made by employers who were concerned with the health and physical condition of their employee, Mr. Clem, and the unintended effects of Mr. Clem's surgery on the business. Consequently, the Court found that Plaintiff failed to satisfy the second and fourth elements of the ADA, and dismissed Count I of her Amended Complaint for associational discrimination without prejudice. However, while the Court expressed doubt as to whether Plaintiff could assert additional egregious remarks or conduct by Dolan and Grieb, or by other employees of Defendant, the Court, nevertheless, afforded Plaintiff the opportunity to amend her Complaint.

As an initial matter, the Court notes that Plaintiff's Opposition to Defendant's Motion to Dismiss is a mere two pages in length, and does not directly respond to any of the arguments advanced by Defendant. Rather, Plaintiff summarily argues that "[s]ufficient facts have been alleged to establish that the terms and conditions of Plaintiff's employment were altered." Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Response"), at 1. The remainder of Plaintiff's Opposition is comprised of a theoretical discussion that fails to incorporate any case law or legal principles. Plaintiff's Response, at 2. Therefore, Plaintiff's Opposition is non-responsive to the issues raised in Defendant's Motion to dismiss.

In an attempt to cure her deficiencies and establish that she was subjected to an adverse employment action, Plaintiff included the following additional allegations in her Second Amended Complaint:[2]

> 41. [Dolan and Grieb's] comments and the harassment were not welcomed by Plaintiff and were insulting and humiliating to her
>
> 58. [The harassment] lasted for a significant period of time of approximately a year,[3] with comments being made to her about [Mr. Clem's] symptoms and how something has to be done and how she has to tell her husband that something has to be done or else he will need to leave.
>
> 59. The comments and harassment humiliated Plaintiff and affected her mental and physical health, as she was constantly worried about her husband's and her job security.
>
> 60. The abuse and harassment affected Plaintiff's health and her ability to work to her capacity, as she was stressed, worried and upset while enduring the ridicule.
>
> 61. Plaintiff had complained to Mr. Dolan on several occasions about how she and her husband were being treated but nothing changed.

Sec. Am. Compl. ¶¶ 58-61. The Court acknowledges that Plaintiff's Second Amended Complaint describes Plaintiff's subjective view of the terms and conditions of her work environment; but, a determination of whether Plaintiff was subjected to a hostile work environment comprises of both

---

[2] In her Second Amended Complaint, Plaintiff also included factual allegations pertaining to the circumstances leading to the termination of Mr. Clem's employment. *See* Sec. Am. Comp. ¶¶ 44-54 (generally describing a meeting held between certain executives of Defendant and Mr. Clem which concluded with the termination of Mr. Clem, and Plaintiff's decision to end her own employment shortly after the meeting was completed). These assertions, however, primarily concern Mr. Clem; they are irrelevant as to how Defendant subjected Plaintiff to a hostile working environment, and, therefore, fail to support Plaintiff's claim of associational discrimination.

[3] To the extent that Plaintiff is alleging additional pervasive conduct in her Second Amended Complaint, the Court already found that Plaintiff sufficiently alleged pervasiveness in the context of a hostile work environment claim. *See Clem*, 2016 U.S. Dist. LEXIS 93226, at *15-16. However, pervasive conduct, alone, is insufficient to support a claim for hostile work environment. Indeed, the complained of conduct must be severe enough to objectively alter the terms and conditions of Plaintiff's conduct, as further discussed *infra*.

subjective and objective components. *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) ("Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment . . . is beyond Title VII's purview. Likewise, . . . the victim [must] subjectively perceive the environment to be abusive . . . ."); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (noting that "harassment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."); *Higdon v. Jackson,* 393 F.3d 1211, 1219 (11th Cir. 2004) ("[T]he ADA is not a code of civility, and allegations of adverse actions must be considered under both an objecti[ve] and subjective standard[.]").

In that connection, while Plaintiff may have allegedly been embarrassed or offended by her supervisors' remarks, Plaintiff has failed to sufficiency allege that her work environment was *objectively* hostile or abusive. In fact, despite the Court's prior Opinion, the Second Amended Complaint does not include any new assertions in support of Plaintiff's claim for associational discrimination. Rather, Plaintiff again relies only on the exact same comments made by Dolan and Grieb. *See* Sec. Am. Compl. ¶ 39(a-f). However, the Court already found that those comments lack the requisite severity to *objectively* alter the terms and conditions of Plaintiff's work environment. *See Clem,* 2016 U.S. Dist. LEXIS 93226, at *12-21. Numerous courts from across the country have similarly rejected hostile work environment claims premised on coworkers and supervisors complaining about workers' bathroom usage and body odor in the workplace.[4] Thus, even when

---

[4] As delineated by the Court in its prior Opinion, cases that have rejected hostile work environment claims premised upon circumstances akin to the one here include: *Hinz v. Vill. of Perry*, No. 13-6302, 2015 U.S. Dist. LEXIS 80661, *5-6, 34-35 (W.D.N.Y. June 22, 2015) (granting summary judgment and finding in dicta that supervisor's comments and practical jokes about plaintiff's frequent bathroom usage due to Crohn's disease, which included telling the plaintiff that he was "full of shit," locking the plaintiff in a bathroom with a piece of rope and a piece of wood and telling him to order pizza if he was "going to spend all day in the bathroom,"

viewed in the light most favorable to Plaintiff, the remarks of Dolan and Grieb, at best, can only be construed as inappropriate. Correspondingly, because Plaintiff has not sufficiently alleged facts that show an objectively hostile or abusive change in her work environment, Plaintiff's claim of constructive discharge fails.[5] *See Clem*, 2016 U.S. Dist. LEXIS 93226, at *21. Therefore, Count I of the Amended Complaint is dismissed. *Krantz v. Prudential Invs. Fund Mgmt. Llc*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.") (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998)).

---

and encouraging the plaintiff to move his office into the bathroom, were "simple teasing" and "isolated incidents," which "while certainly inappropriate were not sufficiently severe or pervasive to meet the standard for a hostile environment claim."), *aff'd*, No. 15-2239, 2016 U.S. App. LEXIS 11074 (2d Cir. June 20, 2016); *Stanley v. White Swan, Inc.*, No. CIV- 00-1291-F, 2002 U.S. Dist. LEXIS 27901, *26, 45-46 (W.D. Okla. Sept. 26, 2002) (granting summary judgment and holding that allegation that plaintiff was "ridiculed because of the odor which came from the restroom due to the condition of her digestive system" failed to "present any genuine issue concerning a sufficiently hostile work environment so as to allow plaintiff to proceed to trial on this claim."); *Pierce v. Mich. Dep't of Corr.*, No. 4-cv-37, 2001 U.S. Dist. LEXIS 11992, *62 (W.D. Mich. Aug. 9, 2001) (granting summary judgment and noting that "[t]he court does not doubt that being confronted by a supervisor with written complaints from co-workers, male and female, regarding odors emanating from one's person or personal property would be embarrassing. Embarrassment is not equivalent to an objectively abusive working environment.").

[5] The remainder of the amendments contained in Plaintiff's Second Amended Complaint are mere conclusory allegations:

> 77. Once Defendant terminated Mr. Clem, the harassment that Plaintiff suffered . . . resulted in her constructive discharge from Defendant as the environment was abusive and of the type that would cause a reasonable person to terminate employment . . . .
>
> 78. Plaintiff suffered adverse employment actions in the form of the aforementioned comments and ridicule and her constructive discharge.
>
> 80. The conduct altered the terms and conditions of Plaintiff's employment.

Accordingly, they are not sufficient to plead that Defendant subjected Plaintiff to a hostile work environment.

**B.     Supplemental Jurisdiction**

While Defendant urges the Court to exercise jurisdiction and dismiss Plaintiff's claim of associational discrimination under the NJLAD, the Court has already determined, for the reasons expressed in its previous Opinion, that it will not exercise supplemental jurisdiction over Plaintiff's remaining NJLAD claim.  Instead, the Court will dismiss that claim without prejudice to Plaintiff to refile his Complaint in state court pursuant to 28 U.S.C. § 1367(d). Under that statute, Plaintiff has 30 days from the date of Order accompanying this Opinion to file in state court, and during such period, the statute of limitations is tolled.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to dismiss is granted; Count I of the Amended Complaint is dismissed. With respect to Plaintiff's NJLAD claim, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff may refile her claim in state court in accordance with 28 U.S.C. § 1367(d).


Dated: January 4, 2017

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge